UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PHILIPS LIGHTING HOLDING B.V.,

                       Plaintiff,

vs.

REVOLUTION LIGHTING TECHNOLOGIES, INC.,

                       Defendant.

Civil Action No. 1:18-cv-4944

**JURY TRIAL DEMANDED**

---

## COMPLAINT

Philips Lighting Holding B.V. ("Philips Lighting"), by and through its attorneys, Bond, Schoeneck & King, PLLC, for its Complaint against Revolution Lighting Technologies, Inc. ("Revolution Lighting" or "Defendant") alleges as follows:

## PARTIES

1. Plaintiff Philips Lighting Holding B.V. is a corporation organized and existing under the laws of The Netherlands with its principal place of business at High Tech Campus 45, Eindhoven, The Netherlands.

2. Upon information and belief, Revolution Lighting is a corporation organized under the laws of the State of Delaware with its principal place of business at 177 Broad Street, Stamford, Connecticut 06901.

3. Upon information and belief, Revolution Lighting also operates through affiliates including but not limited to Relume Technologies, Inc., Seesmart, Inc., Sentinel System, LLC, Lumificient Corporation and Tri-State LED.

4. Upon information and belief, prior to November 15, 2012, Revolution Lighting Technologies, Inc. was known as Nexxus Lighting, Inc.

## NATURE OF THE ACTION

5. In this action, Philips Lighting seeks money damages against Revolution Lighting for breach of contract.

## JURISDICTION AND VENUE

6. The Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). There is complete diversity between the parties, as Philips Lighting is a citizen of The Netherlands and upon information and belief, Revolution Lighting is a citizen of the states of Delaware and Connecticut. The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

7. Upon information and belief, the Court has personal jurisdiction over Defendant through its consent to and waiver of objection to the jurisdiction of this Court. In addition, upon information and belief, Defendant has regularly and systematically transacted business in New York, directly or through affiliates. For example, upon information and belief, Defendant's products are offered and sold in the state of New York, as noted on Defendant's website (https://www.rvlti.com/about/).

8. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and because of Defendant's consent to and waiver of objection to venue in this Court.

## FACTUAL BACKGROUND

9. Philips Lighting is a global market leader with recognized expertise in the development, manufacturing, and application of innovative light-emitting diodes ("LED") lighting solutions.

10. To protect its intellectual property resulting from its significant investments, Philips Lighting applied for and obtained numerous patents directed to various LED inventions

and technologies. For example, Philips Lighting has thousands of patents and hundreds of pending patent applications covering technologies related to LED luminaires and retrofit bulbs.

11.     Philips Lighting has developed a license program under which companies using Philips Lighting's patents may be able to obtain a license.  Currently, more than 900 companies have taken licenses under this program (http://www.lighting.philips.com/main/ip/licensing/led-based-luminaires-and-retrofit-bulbs).

12.     Upon information and belief, Defendant has made, used, provided, sold, offered to sell, imported, and/or distributed to others for such purposes, lighting products and systems employing Philips Lighting's patented technology throughout the United States and internationally.

13.     In March 2012, Koninklijke Philips Electronics N.V. and Philips Solid-State Lighting Solutions, Inc. commenced an action in the United States District Court for the District of Massachusetts, Civil No. 1:12-cv-10549, against Nexxus Lighting, Inc. ("Nexxus Lighting") for patent infringement ("Nexxus Lighting Patent Lawsuit") of certain patents by Nexxus Lighting making, using, offering to sell, selling and/or importing infringing LED lighting devices in the United States, and/or by actively inducing and contributing to infringement by others in the United States.

14.     On or about August 1, 2012, Nexxus Lighting and Koninklijke Philips Electronics N.V. (now Koninklijke Philips N.V.) settled the Nexxus Lighting Patent Lawsuit, and the dismissal of the Nexxus Lighting Patent Lawsuit without prejudice was filed on or about October 3, 2012.

15.     The settlement resulted in a Settlement and Patent License Agreement dated August 1, 2012 between Koninklijke Philips Electronics N.V. and Nexxus Lighting and its

affiliates ("Nexxus Agreement"), whereby Koninklijke Philips Electronics N.V. granted to Nexxus Lighting a patent license under the terms and conditions of the Nexxus Agreement.

16. Upon information and belief, on or about November 14, 2012, Nexxus Lighting changed its name to Revolution Lighting Technologies, Inc.

17. On or about May 15, 2013, Koninklijke Philips Electronics N.V. changed its name to Koninklijke Philips N.V.

18. On or about February 11, 2014, Koninklijke Philips N.V. and Revolution Lighting and its affiliates entered into a Patent License Agreement ("License Agreement"), which replaced the Nexxus Agreement, and granted Revolution Lighting a patent license under the terms and conditions of the License Agreement.

19. The terms and conditions of the License Agreement are subject to confidentiality.

20. Upon information and belief, Revolution Lighting and its affiliates, have obtained the benefit of the patent license under the License Agreement.

21. On or about February 1, 2016, Koninklijke Philips N.V. assigned the License Agreement to Philips Lighting and notified Revolution Lighting of the assignment.

22. The License Agreement remains in force between Philips Lighting and Revolution Lighting.

23. Upon information and belief, an audit conducted by an independent audit firm for the period February 1, 2014 through June 30, 2016 demonstrated that Revolution Lighting has failed to live up to all of its obligations under the License Agreement, for example, by underreporting royalties on certain products (e.g., retrofit bulbs), failing to provide reports and written statements required by the License Agreement, using an improper calculation of royalty-

bearing revenue, and failing to pay the required royalties during the audit period to Philips Lighting.

24. Upon information and belief, for the period July 1, 2016 through the present, Revolution Lighting has continued to fail to live up to all of its obligations under the License Agreement, for example, by failing to provide reports and written statements required by the License Agreement, and failing to pay the required royalties to Philips Lighting.

25. Upon information and belief, Revolution Lighting has failed to remedy its breaches of the License Agreement.

26. Upon information and belief, Revolution Lighting continues to breach the License Agreement in the ways identified by the independent audit firm and reported to Revolution Lighting and by additional breaches.

27. Philips Lighting has advised Revolution Lighting of its failure (i) to properly calculate royalty-bearing revenue for intercompany sales, (ii) to submit the required reports and written statements, and (iii) to pay the required royalties and applicable interest.

28. Upon information and belief, Revolution Lighting has refused to acknowledge and cease these breaches of the License Agreement.

## FIRST CLAIM FOR RELIEF
**(Breach of Contract)**

29. Philips Lighting repeats and incorporates paragraphs 1 through 28 above as if set forth in full here.

30. The License Agreement is a valid, binding, and enforceable contract.

31. Philips Lighting has and continues to perform under the License Agreement.

32. Upon information and belief, Revolution Lighting has materially breached the License Agreement by, among other things, (1) underreporting royalties on certain products

(e.g., retrofit bulbs), (2) failing to provide reports and written statements required by the License Agreement, (3) improperly calculating royalty-bearing revenue, and (4) failing to pay the required royalties during the audit period.

33. Upon information and belief, Revolution Lighting continues to materially breach the License Agreement by, among other things, refusing to accept the findings of the independent auditor and making up all underpayments and paying the cost of the auditor inspection.

34. Upon information and belief, Revolution Lighting is continuing the breaches found by the independent auditor since February 1, 2014 through the present.

35. As a result of Defendant's numerous material breaches of the License Agreement, Philips Lighting has been damaged, which damages are the natural and proximate consequence of Defendant's breach of the License Agreement, in an amount to be determined at trial, but no less than $500,000 (US), exclusive of interest and costs.

36. Philips Lighting seeks a formal accounting of all revenues received by Revolution Lighting in connection with LED lighting devices, beginning from the date of the License Agreement, to determine the full extent of Revolution Lighting's breach of the License Agreement.

**SECOND CLAIM FOR RELIEF**
**(Specific Performance)**

37. Philips Lighting repeats and incorporates paragraphs 1 through 36 above as if set forth in full here.

38. The License Agreement is a valid, binding, and enforceable contract.

39. Philips Lighting has and continues to perform under the License Agreement.

40. Upon information and belief, Revolution Lighting is able to continue to perform under the License Agreement by, among other things, reporting all revenues received by Revolution Lighting in connection with all LED lighting devices made, used, provided, sold, offered to sell, imported, and/or distributed to others by Revolution Lighting in the United States and throughout the world.

41. Philips Lighting has suffered harm resulting from Revolution Lighting's refusal to adhere to the terms of the License Agreement, and it has no adequate remedy at law for Revolution Lighting's blatant and continuing violations in that an award of damages would not be a reasonable substitute for performance by Revolution Lighting and an attempt to assess damages would be impractical or speculative. Revolution Lighting's failure to provide the required royalty reports has prevented Philips Lighting from ascertaining the full scope of Revolution Lighting's breach and the corresponding underpayment/nonpayment amounts.

42. Philips Lighting has demanded, and is entitled to, specific performance of Revolution Lighting's obligations under the License Agreement.

### THIRD CLAIM FOR RELIEF
**(Unjust Enrichment)**

43. Philips Lighting repeats and incorporates paragraphs 1 through 42 above as if set forth in full here.

44. In consideration for the License Agreement, Revolution Lighting received the right to a patent license from Philips Lighting under the terms and conditions of the License Agreement.

45. Upon information and belief, Revolution Lighting has wrongfully refused to abide by the terms of the License Agreement by, among other things, (1) underreporting royalties on certain products (e.g., retrofit bulbs), (2) failing to provide reports and written statements

required by the License Agreement, (3) improperly calculating royalty-bearing revenue on intercompany sales, and (4) failing to pay the required royalties during the audit period. Revolution Lighting's failure to provide the required royalty reports has prevented Philips Lighting from ascertaining the full scope of Revolution Lighting's breach and corresponding underpayment/non-payment amounts. It would be unjust and inequitable to allow Revolution Lighting to benefit in this manner without remuneration to Philips Lighting.

46. By reason of the foregoing, Revolution Lighting has been unjustly enriched and benefited at the expense of Philips Lighting, and Philips Lighting has suffered damages in an amount to be established at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Philips Lighting prays that the Court enter judgment against Revolution Lighting, as follows:

1) Ordering an accounting of all revenues received by Revolution Lighting in connection with LED lighting devices, beginning from the date of the License Agreement;

2) Awarding money damages to Philips Lighting from February 1, 2014 through present, at least in excess of $500,000 (US), exclusive of interest and costs;

3) Awarding audit and inspection fees and costs to Philips Lighting;

4) Awarding interest to Philips Lighting;

5) Granting Philips Lighting specific performance of the License Agreement requiring Revolution Lighting to report all revenues received by Revolution Lighting in connection with all LED lighting devices made, used, provided, sold, offered to sell, imported, and/or distributed to others by Revolution Lighting in the United States and throughout the world and payment of the attendant royalty amounts; and

6) Awarding such other and further relief as the Court deems just and proper.

- 9 -

## **DEMAND FOR JURY TRIAL**

Philips Lighting demands trial by jury on all issues so triable.

Dated June 4, 2018

Respectfully submitted,

BOND, SCHOENECK & KING, PLLC

By: */s/ Sharon M. Porcellio*
      Sharon M. Porcellio (SP1020)
      Jeremy P. Oczek (JO1975)
Avant Building, Suite 900
200 Delaware Avenue
Buffalo, New York 14202
Telephone:  (716) 416-7000
Email: sporcellio@bsk.com
Email: jpoczek@bsk.com

*ATTORNEYS FOR PLAINTIFF*
*Philips Lighting Holding B.V.*